WILLIAM F. MILLER, PROSECUTOR, v. THE CITY OF
CAMDEN ET AL.

Argued June 6, 1899—Decided November 13, 1899.

| 64 | 201 |
|----|-----|
| 64 | 723 |
| 64 | 201 |
| 65 | 461 |
| 64 | 201 |
| 66 | 187 |

1. The general act entitled "An act concerning consolidated cities and
annexed municipalities and townships and parts thereof," passed
March 30th, 1888 (*Gen. Stat., p.* 2245), is not rendered local and
special, and therefore unconstitutional, by the application thereto of a
valid special and local act annexing territory to a city.

Under section 7 of said act of 1888, territory annexed to a city may
constitutionally be divided into wards.

On *certiorari.*

The town of Stockton, in the county of Camden, having
been annexed to the city of Camden, in that county, by a
special act approved March 24th, 1899 (*Pamph. L., p.* 355),
five qualified electors, resident within the annexed territory,
presented on March 27th, 1899, to the justice of the Supreme
Court assigned to the judicial district in which the city of
Camden is situate, a petition for the division of such annexed
territory into wards, pursuant to the seventh section of "An
act concerning consolidated cities and annexed municipalities
and townships and portions thereof," passed March 30th,
1888. *Gen. Stat., p.* 2245. After the statutory notice, such
justice, on being satisfied of the truth of the matters con-
tained in the petition, appointed commissioners to make the
division and to perform the other duties required by the act.
The present *certiorari,* prosecuted by a taxpayer resident in
the territory so annexed, removes to this court for review the
order appointing such commissioners.

Before Justices DIXON and COLLINS.

For the prosecutor, *John W. Wescott, Jonas S. Miller* and
*John J. Crandall.*

For the defendants, *Edward G. C. Bleakly.*

The opinion of the court was delivered by

COLLINS, J.    With one exception the questions involved in this cause have been decided in one argued with it by the same counsel. *Miller* v. *Greenwalt, ante p.* 197. The remaining question is the constitutionality, with respect to the subject of the order under review, of the combined legislation on which that order depends. The act of 1888 is, beyond question, general. The act of 1899, though both local and special, is nevertheless constitutional. But it is argued that taken together they regulate the internal affairs of the city of Camden otherwise than by a general law, which the constitution forbids. The prosecutor relies upon the decision of this court in *Dempsey* v. *Newark,* 24 *Vroom* 4. In that case the legislation considered was this: By a law taking effect April 18th, 1889, it was provided that the wards of every city entirely within which, then, or thereafter, there should exist two or more assembly districts, the city wards should be made to conform to the lines of such districts. There was then no such city. By the General Redistricting act, taking effect July 4th, 1889, Newark alone came within the prescribed conditions. This court refused a *mandamus* to compel that city to conform wards to assembly districts. Chief Justice Beasley, who read the opinion, was willing to concede that the statute under consideration was at first constitutional though inoperative, and might have retained validity by appropriate legislation for every city in the state, but he said that though general in its terms it had been made special and had been localized in its operation by force of the second statute, and that duplex legislation of that character was interdicted by the constitution. It is difficult to see how a statute having no reference to internal affairs of towns could invalidate one passed for their regulation, and the real basis of decision must have been that the first act was always unconstitutional as based on illusory classification. It was clearly so, because it could never have been operative in the way the learned Chief Justice suggested, and whenever called into operation it must have been local and special. However that

may be, the decision cannot possibly be authority for a decision that a valid act of annexation can render the general act of 1888 local or special. The Chief Justice himself, at page 11 of the opinion, upholds as constitutional the consolidation of the borough of Chambersburg and the township of Millham with the city of Trenton, and he adds: "By this consolidating act new wards were furnished out of the territory that was added to the capital, and were adjusted so as to harmonize with its old wards." The result so referred to was effected by this very act of 1888, for the Consolidation act, passed on the same day, but taking later effect, contained only a simple provision that the borough and township named should be and thereby were annexed to and made a part of the city of Trenton. *Pamph. L., p.* 585.

The act of 1888 is unquestionably general and constitutional. It applies to all cities and will operate on any annexation of territory to any city.

The order is affirmed, with costs.